**STATEBRIDGE.**

## Loan Modification Agreement

This loan modification agreement (the "Agreement") is made and entered on this 5th day of July, 2016 by and between Statebridge Company LLC as servicer (Servicer) and attorney in fact for Igloo Series II Trust (Creditor) and Nidia A. Guthrie and Cleve Lawrence (Borrower). Together, the Borrower and the Servicer are referred to herein as "the Parties".

### RECITALS

The Parties enter into this Agreement with reference to the following stipulated facts:

A.  On October 29, 2007, Borrower purchased, re-financed or otherwise obtained or maintained an interest in a certain real property in Essex County, New Jersey. In connection with this real property transaction the Borrower obtained a certain promissory note dated October 29, 2007, in the original principal amount of $250,750.00 ("Note").

B.  The Note was and is secured by a deed of trust, mortgage, applicable riders, addenda or other security instrument ("Security Instrument"), dated October 29, 2007, and recorded December 17, 2007, as Instrument No.:7147805 and Book #12106, Page #9173 in the official records of Essex County, New Jersey as a lien against the real property described in the Security Instrument, and located at 1433-1435 Clinton Avenue Irvington, NJ 07111. (the "Subject Property"), and is more specifically described as:

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the **Township of Irvington, County of Essex State of New Jersey:**

**BEGINNING at a point in the northerly sideline of Clinton Avenue, said point being distant 87.98 feet from the intersection of the said sideline of clinton avenue and the northwesterly sideline of Ridgewood Avenue and from said beginning point running; thence**

1) North 18 degrees 33 minutes East, 118.69 feet to a point; thence

2) North 61 degrees 09 minutes West, 45.74 feet to a point; thence

3) South 18 degrees 33 minutes West, 126.88 feet to a point in the said sideline of Clinton Avenue; thence

4) Along said sideline, South 71 degrees 27 minutes East 45.00 feet to the point and place of BEGINNING

NOTE: Being Lot(s) 29, Block 13, Tax Map of the **Township of Irvington, County of Essex.**

NOTE: Lot and Block shown for informational purposes only.

C.  Borrower is the current owner of record of the Subject Property. No other persons or business entities have ownership, management or control of the Subject Property. Borrower has not assigned, transferred, mortgaged or hypothecated the Subject Property or any fee estate therein, nor the rents,

**STATEBRIDGE.**

income and profits of the Subject Property as may be described in the Security Instrument, except as set forth in these recitals.

D.   Borrower acknowledges that Servicer is authorized to enter into this Agreement on behalf of the Note holder and mortgagee.

E.   Borrower has requested that the Servicer modify the terms of the Note and Security Instrument (hereinafter "Loan"). The Servicer has agreed to do so pursuant to the terms and conditions stated in this Agreement.

## AGREEMENT

Now, therefore, the parties agree as follows:

1. **Note Modifications**

   a. **Outstanding Debt:**

   Borrower agrees to the following:

   i. The unpaid principal balance due on the Note is $246,432.04

   ii. The delinquent interest owed is $113,461.40

   iii. The total of other fees owed is $6,152.65

   iv. The total of legal fees owed is $0.00

   v. The negative escrow balance is $56,279.36

   vi. The required escrow balance for this modification is $3,454.85

   vii. The current unapplied credit balance is $590.80

If the estimated deposits for unpaid property taxes or insurance premiums exceed the amounts required, the excess deposit amount will be applied to reduce the New Balance. Interest will accrue on the New Balance at the interest rate, whether adjustable, variable or fixed, per the terms of the Note unless modified in this agreement.

b. **The Note Balance:** The Note Balance will be adjusted to $106,822.23. This means we have deferred $318,367.27 of principal. This amount will not collect interest and will be due at the earliest of the following events: a) the modified maturity date; b) the sale of the property; c) upon refinancing the modified mortgage; d) the loan is paid in full.

**STATEBRIDGE.**

c. **The Interest Rate:** The interest rate on your Loan will be fixed for the remaining term of the loan at 6.500%. All other terms and provisions on the Note and Security Instrument providing for or relating to any change or adjustment in the rate of interest payable, under the Note survive this Agreement and remain in full force and effect.

d. **The Maturity Date will be:** November 1, 2037.

e. **The Monthly Payments:** Starting on July 1, 2016 your monthly installments of principal and interest will be $770.97. You will additionally have to make an Escrow Payment. Your Escrow Payment is $682.58 and your total monthly payment is $1,453.55.

f. **Payments; Delivery of Payments.** The Borrower promises to pay the New Monthly Payment, to the order of Statebridge Company, LLC. Borrower(s) shall make the Monthly Payments described herein to Statebridge Company, LLC. at 5680 Greenwood Plaza Blvd, Suite 100S, Greenwood Village CO 80111, or at such other place that Statebridge Company, LLC. may designate.

2. **Establishment of Escrow Account:** Borrower acknowledges per item 1e above that Statebridge will require an escrow account to be established for the collection of property taxes and insurance premiums if such an account is not already in existence. Borrower has been notified of estimated initial monthly amount that will be due for taxes and insurance and will be notified after execution hereof of the final monthly amounts that will be due for these items, if different. Borrower will be notified of any subsequent changes as they occur.

3. **Entire Agreement:** Except as expressly modified by this agreement, all of the covenants, agreements, stipulations and conditions in the original Note remain in full force and effect. None of the Borrower's obligations or liabilities under the Security Instrument shall be diminished or released by any provisions herein, nor shall this Agreement in any way impair, diminish or affect any of the Borrower's rights or remedies in the Security Instrument, whether such rights or remedies arise herein or by operation of law. This agreement constitutes the entire agreement between the parties regarding the subject matter hereof. Except as otherwise provided herein, this agreement supersedes all prior agreements, understandings, negotiations and discussions, whether written or oral, of the parties hereto, relating to the Note and Security Instrument.

4. **Voluntary Execution:** Borrower is encouraged to review this Agreement with his/her legal advisor prior to signing it, but by signing below Borrower acknowledges and agrees that Borrower has voluntarily signed this Agreement. Borrower agrees to execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of the agreement or (ii) correct the terms and conditions of this agreement if an error is detected after execution of this agreement. Borrower understands that a corrected Agreement will be provided to Borrower and that this Agreement will be void and of no legal effect upon notice of such error. If Borrower elects not to sign any such corrected Agreement, Borrower agrees that the terms of the original loan documents shall continue in full force and effect; such terms will not be modified by this Agreement.

5. **Acceleration Upon Unauthorized Transfer.** The acceleration terms under the Note and Security Instrument are incorporated herein by reference.

6. **Effect of this Agreement.** Except to the extent that they are modified by this Agreement, the Borrower(s) hereby reaffirm all of the covenants, agreements and requirements of the Note and Security

**STATEBRIDGE.**

Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obliged to make under the Security Instrument. Borrower(s) further agree to be bound by the terms and provisions of the Note and Security Instrument, as modified hereby. Borrower understands that all of the rights and remedies, stipulations and conditions contained in the Security Interest relating to default shall also apply to the modified note.

7. **No Release.** Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and/or Security Instrument. Except as expressly provided in this Agreement, all of the terms, covenants agreements and the Note and Security Instrument will remain unchanged and the Parties will be bound by, and comply with, all of the terms and provisions of the instruments, as amended by this Agreement.

8. **Warranties.** Borrower hereby extends all liens and security interests on all of the Subject Property and any other rights and interests which now or hereafter secure said Note until said Note as modified hereby has been fully paid, and agree that this modification and extension will in no manner impair the Note or any of the liens and security interests securing the same and that all of the liens, equities, rights, remedies and security interests securing said Note shall remain in full force and effect and shall not in any manner be waived. Borrower further agrees that all of the terms, covenants, warranties and provisions contained in the original Note and Security Instrument are now and shall be and remain in full force and effect as therein written, except as otherwise expressly provided herein, until the Note is paid in full and all other obligations under the Security Instrument are fulfilled.

9. **Further Assurances.** Borrower does further state and warrant that all of the recitals, statements and agreements contained herein are true and correct and that Borrower is the sole owner of the fee simple title to all of the Subject Property securing the Note.

10. **Bankruptcy Considerations.** Notwithstanding anything to the contrary contained in this Agreement, the Parties hereto acknowledge the effect of a discharge in bankruptcy that may have been granted to the Borrower prior to the execution hereof and that the Note holder may not pursue the Borrower for personal liability. However, the Parties acknowledge that the mortgagee/beneficiary retains certain rights, including but not limited to the right to foreclose its lien against the Subject Property under appropriate circumstances. The Parties agree that additional consideration for this Agreement is the Servicer's forbearance from presently exercising the rights and remedies of the Note holder and mortgagee under the Security instrument. Nothing herein shall be construed to be an attempt to collect against the Borrower personally or an attempt to revive personal liability, if the Borrower has obtained a discharge of that liability from a United States Bankruptcy Court.

11. **Fees & Costs.** All costs and expenses incurred by Servicer and/or Note Holder in connection with this Agreement, including recording fees and title examination, shall be paid by the Borrower and shall be secured by the Security Interest. Additionally, any attorneys' fees and/or costs incurred by Borrower in connection with any foreclosure proceeding involving the Subject Property shall be the responsibility of the Borrower.

**STATEBRIDGE.**

In witness whereof, the undersigned have executed this Modification Agreement as of the date first above written.

BORROWER(S):

Date: _____

_____          _____
Nidia A. Guthrie                 Cleve Lawrence


_____          _____
Witness Signature                Witness Signature
Print Name                       Print Name


STATE OF _____ )
                                 )ss:
COUNTY OF _____ )

On _____, before me, _____, a Notary Public in and for said State, personally appeared Nidia A. Guthrie and Cleve Lawrence, proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.


_____
Signature of Notary

My commission expires: _____

**STATEBRIDGE.**

*Statebridge Company, LLC attorney in fact and servicer for Creditor*

Signature:_____    Date:_____

Name: Patricia Quattromani

Title: Senior Manager

STATE OF COLORADO        )
                         )ss:
COUNTY OF                )

On _____, before me, _____, a Notary Public in and for said State, personally appeared ___Patricia Quattromani_____ proved to me on the basis of satisfactory evidence to be the person(s) whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____
Signature of Notary

My commission expires: _____